# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 2, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

139891

CLAYTON JENKINS,
        Plaintiff-Appellee,

v

TRINITY HEALTH CORPORATION, d/b/a
ST. JOSEPH MERCY HOSPITAL,
        Defendant-Appellant.
_____/

SC: 139891
COA: 284659
Washtenaw CC: 05-000894-CD

On order of the Court, the application for leave to appeal the July 28, 2009 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I dissent from the majority's order denying leave to appeal. Because I agree with the Court of Appeals' dissent that plaintiff has presented no evidence of a "causal connection between the protected activity and the adverse employment action," which is one of the elements of a retaliation claim, I would reverse the Court of Appeals. See *Garg v Macomb Co Community Mental Health Services,* 472 Mich 263, 273 (2005) ("To establish a prima facie case of retaliation, a plaintiff must show [among other things] 'that there was a causal connection between the protected activity and the adverse employment action.'") (citation omitted).

Plaintiff, a messenger, complained to his supervisor, Hines, about Johnson, a dispatcher, touching him inappropriately. Johnson and several other hospital employees made numerous complaints to Hines about plaintiff's work performance and attitude. Hines and Buehler, the human resources representative for the department, who knew nothing about plaintiff's complaint against Johnson, placed plaintiff on a performance improvement plan (PIP). Hines subsequently received a report that a female hospital employee had accused plaintiff of sexual abuse. Hines turned the matter over to Buehler, and after Buehler investigated the accusation by speaking to the accuser, witnesses, and plaintiff himself, Buehler and his manager agreed that plaintiff should be terminated based on the assault and his failure to successfully perform under the PIP.

Plaintiff filed a civil rights complaint asserting quid pro quo sexual harassment and retaliation. The trial court dismissed the quid pro quo claim, but not the retaliation claim. The jury ruled in plaintiff's favor. Defendant appealed and plaintiff cross-appealed, and the Court of Appeals affirmed. *Jenkins v Trinity Health Corp,* unpublished opinion per curiam of the Court of Appeals, issued July 28, 2009 (Docket No. 284659). Judge TALBOT agreed with the majority with regards to the quid pro quo claim, but dissented with regards to the retaliation claim. Only defendant has filed an application for leave to appeal with this Court.

Defendant argues that the trial court should have granted its motion for summary disposition with regards to the retaliation claim. Judge TALBOT agreed on the basis that plaintiff had presented no evidence of a causal connection between the protected activity and the adverse employment action. I agree with defendant and with Judge TALBOT.

There is ample evidence that defendant terminated plaintiff based on legitimate reasons wholly unrelated to plaintiff's reports of sexual harassment. First, Buehler, who recommended that plaintiff be placed on the PIP, made this recommendation with absolutely no knowledge that plaintiff had made any complaint of sexual harassment. Second, a number of employees other than Johnson complained about plaintiff's work performance and his bad attitude. Even plaintiff admitted, "And when I look back overall, I need to take ownership of part of my behaviors as not getting along with people." Finally, a female employee complained that plaintiff sexually assaulted her and was verbally demeaning her to other employees. A witness confirmed that plaintiff acknowledged the behavior he was accused of by the female employee and other witnesses concurred that plaintiff was referring to her as a "bitch" and indicating that he would retaliate against her.

While there is ample evidence that plaintiff was terminated for legitimate reasons, there is absolutely no evidence that plaintiff was terminated for illegitimate reasons other than the mere fact that plaintiff engaged in a 'protected activity' ten months before being terminated. This is not enough to sustain a retaliation claim. See *Garg,* 472 Mich at 286 ("[I]n order to show causation in a retaliatory discrimination case, 'plaintiff must show something more than merely a coincidence in time between protected activity and adverse employment action.'") (citation omitted). For these reasons, I would reverse the Court of Appeals.

CORRIGAN, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 2, 2010

*Corbin R. Davis*
Clerk

s0330